[Cite as *In re A.E.*, 2014-Ohio-691.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| IN RE: A.E., MINOR CHILD | : | JUDGES: |
| | : | Hon. William B. Hoffman, P.J. |
| | : | Hon. Patricia A. Delaney, J. |
| | : | Hon. Craig R. Baldwin, J. |
| | : | |
| | : | Case No. 2013CA00189 |
| | : | |
| | : | O P I N I O N |

CHARACTER OF PROCEEDING:          Appeal from the Stark County Family
                                 Court, Case No. 2012JCV01107


JUDGMENT:                        Affirmed


DATE OF JUDGMENT:                February 24, 2014


APPEARANCES:

For Appellees -                              For Appellant-Father C.P.
Bryan and Rhonda Knowles
                                             REGINA M. FRANK
ROBERT G. ABNEY                              Stark County Public Defender
Abney Law Office, LLC                        201 Cleveland Ave., S.W., Suite 104
116 Cleveland Avenue, NW, Suite 500          Canton, OH 44702
Canton, OH 44702
                                             For Mother A.E.
For Guardian Ad Litem Joseph Leeson
                                             HEATHER SMITH
AARON KOVALCHIK                              401 Tuscarawas St. W., Suite 300
116 Cleveland Ave. NW, Suite 808             Canton, OH 44702
Canton, OH 44702
                                             For Stark County Dept. of Job
                                             and Family Services

                                             JERRY COLEMAN
                                             110 Central Plaza South, Suite 400
                                             Canton, OH 44702

*Baldwin, J.*

{¶1}     Appellant C.P., the natural father of A.E., appeals a judgment of the Stark County Family Court overruling his motion to transfer legal custody of A.E. to his aunt, Terry Jennings, and granting the motion filed by the guardian ad litem, Joseph Leeson, to transfer legal custody of A.E. to appellees Bryan and Rhonda Knowles.  A brief in support of the judgment has also been filed by Joseph Leeson, the guardian ad litem, who is represented by legal counsel.

## STATEMENT OF FACTS AND CASE

{¶2}     A.E. was born on April 16, 2010.  A complaint alleging dependency and neglect was filed by the Stark County Department of Job and Family Services (hereinafter "SCDJFS") on November 9, 2012.  The complaint was based on prior history, current living conditions, lack of supervision, mental health concerns for mother, and the criminal history of appellant.   A.E. was found to be a dependent child on January 30, 2013.

{¶3}     Previously, SCDJFS had been granted permanent custody of mother's four other children.  Appellant is the natural father of one of these children.  These four children have been adopted by Bryan and Rhonda Knowles.

{¶4}     A.E. was placed in the Knowles home after she was removed from mother's care.  Appellant and A.E.'s mother each filed a motion to change legal custody of A.E. to Terry Jennings, appellant's aunt. The Knowles filed a motion to intervene and a motion for legal custody.   The motion to intervene was denied.  The guardian ad litem filed a motion to change legal custody to Bryan and Rhonda Knowles.

{¶5}    The case proceeded to a hearing in the Stark County Family Court. A.E.'s mother did not appear, but was represented by counsel and by her guardian ad litem. Appellant did not testify, but he appeared for the hearing and was represented by counsel.

{¶6}    Anita Young, the ongoing caseworker for SCDJFS for A.E., testified that she took over the case in December of 2012, after A.E. had been placed with the Knowles family. Appellant indicated to her in December or January that he wanted custody of A.E. to go to his aunt, Terry Jennings. Because Mrs. Jennings resided in Steubenville, Young asked Jefferson County to complete a home study. There were paperwork delays, but verbal confirmation of an approved home study was received at the end of the six month review hearing. At this review hearing, Mrs. Jennings was asked to participate in visits with A.E. Mrs. Jennings participated in supervised visitation along with the parents and had A.E. in her home for a three-day visit, all of which went well. Young recommended that custody be awarded to Mrs. Jennings because A.E. would then be connected with her extended family and because Young felt Mrs. Jennings would facilitate visits and involvement with the parents more so than the Knowles.

{¶7}    Terry Jennings testified at the hearing that she was 66 years old and in good health. Her husband Riley is in a wheelchair after suffering a stroke, and she is his primary caregiver. She and Riley fostered over 50 children. Prior to retirement, she worked as a licensed social worker. She has an extensive support system that includes family, friends and adult foster children to help with A.E. She testified that she intended

to maintain contact with the Knowles so they and their children could visit with A.E. and A.E. could maintain a relationship with her natural siblings.

{¶8} Bryan and Rhonda Knowles testified that they have four biological children, ages 23, 21, 17, and 15, and four adopted children, ages 12, 9, 7, and 6. They testified that A.E. has bonded with their family and they want legal custody of her so that she can grow up with her biological siblings. They testified that they felt blessed to have met Terry Jennings and A.E.'s extended family and plan to have regular, consistent visits. They felt that A.E.'s siblings are her family who will be there for the rest of her life, while her great-aunt will not be there for her 20 or 30 years down the road, and therefore it is important that she remain in the same home with her siblings.

{¶9} The guardian ad litem, Joseph Leeson, testified that he found Mrs. Jennings to be a very loving, caring, and intelligent woman who could provide for A.E. He did express concerns that Mrs. Jennings is already the primary caregiver for her husband, and that when A.E. is a young adult and needs family, Mrs. Jennings will no longer be around. He also expressed concerns that Mrs. Jennings' desire for custody sprang from her commitment to appellant rather than from a love for A.E. and a desire to provide a home for A.E.

{¶10} The trial court granted the guardian ad litem's motion to transfer legal custody to Bryan and Rhonda Knowles, finding:

{¶11} "In this case, the Court must decide between two good and loving homes, each with biological relatives; should [A.E.] live and be raised with her biological siblings, or be raised by a great aunt. The Court has continuing jurisdiction over [A.E.], and may issue orders in her best interest regarding her visitation with caregivers,

parents or relatives. However, this court has no jurisdiction over the Knowles children or family to require them to visit [A.E.] at their home or in Steubenville if Ms. Jennings were granted custody. While Mrs. Jennings and the extended family are adults and can determine and facilitate visits with [A.E.], the Knowles children cannot make that determination on their own. Sibling contact can only be maintained through the wishes of the Knowles, and not through court orders, if custody were granted to Mrs. Jennings. However, if custody is granted to the Knowles, sibling contact is guaranteed and the court can order frequent and consistent contact with Mrs. Jennings and extended family to insure that [A.E.] knows her family and is exposed to their unique traditions, routines and culture."

{¶12} The court made the Knowles parties to the action and terminated the involvement of SCDJFS. The court gave the parents supervised visitation upon one week advance notice to the custodians, and visitation with Mrs. Jennings a minimum of one weekend each month, holiday visitation pursuant to a schedule, and summer vacation time with 60 days notice.

{¶13} Appellant assigns a single error to this Court on appeal:

{¶14} "THE TRIAL COURT ERRED IN GRANTING THE CHANGE OF LEGAL CUSTODY FILED BY THE GUARDIAN AD LITEM."

{¶15} R.C. 2151.353(A)(3) provides in pertinent part:

{¶16} "(A) If a child is adjudicated an abused, neglected, or dependent child, the court may make any of the following orders of disposition:

{¶17} "(3) Award legal custody of the child to either parent or to any other person who, prior to the dispositional hearing, files a motion requesting legal custody of the

child or is identified as a proposed legal custodian in a complaint or motion filed prior to the dispositional hearing by any party to the proceedings."

{¶18}   On appeal, we will not reverse an award of legal custody absent an abuse of discretion.   *In re R.D.J.*, 5th Dist. Delaware No. 12 CAF 07 0046, 2013-Ohio-1999, ¶ 29, citing *In re Gales,* 10th Dist. No. 03AP–445, 2003–Ohio–6309; *In re Nice,* 141 Ohio App.3d 445, 455, 751 N.E.2d 552 (2001). Abuse of discretion implies that the trial court's decision was unreasonable, arbitrary or unconscionable. *Blakemore v. Blakemore,* 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).   Legal custody, where parental rights are not terminated, is not as drastic a remedy as permanent custody, which terminates parental rights. *In re A. W.-G.,* 12th Dist. No. CA2003–04–099, 2004–Ohio–2298, at ¶ 7, quoting *Nice* at 455, 751 N.E.2d 552. Therefore, the trial court's standard of proof in legal custody proceedings is not clear and convincing evidence, as it is in permanent custody proceedings, but is merely a preponderance of the evidence. *Nice* at 455, 751 N.E.2d 552; *In re A. W.-G, supra; In re Law,* 5th Dist. Tuscarawas No.2003 AP 06 45, 2004–Ohio–117.

{¶19}   Based on the evidence presented at the hearing, the trial court did not abuse its discretion in awarding legal custody to the Knowles.   The trial court recognized that the case presented a choice between two loving, appropriate homes for A.E.   However, the court noted that A.E. had established a loving and bonded relationship with her siblings and the Knowles family.   At three years old, she was too young to express her wishes and desires as to her placement.   While Mrs. Jennings testified that she has a close family, her testimony reflected that A.E. had not been close to this extended family.   During the two and one half years that A.E. spent in her

parents' custody, Mrs. Jennings only saw A.E. on two occasions, and no family member had notified Mrs. Jennings previously when appellant had a child removed from his care by permanent custody proceedings and eventually adopted by the Knowles family. Further, the Knowles are younger and both able to physically care for A.E., while only Mrs. Jennings would be able to care for A.E. in her household due to her husband's physical condition. The court further expressed concerns that Mrs. Jennings did not acknowledge concerns about appellant's parenting ability despite her knowledge that he lost a prior child by permanent custody proceedings. Finally, the court noted that the only way to ensure a continued relationship between A.E. and her biological sibling and half-siblings who have been adopted by the Knowles is if she remains in the Knowles' home. The evidence reflected that she was bonded to the family and to the other children in the home.

{¶20} Appellant also argues that the guardian ad litem did not handle the case properly, as he did not attempt to talk to A.E. about her mother and father and did not truly understand the people in the case. The record reflects that A.E. was only three years old at the time of the hearing and thus too young to express her wishes as to placement. Further, the guardian had conducted home visits with the Knowles family, had regular contact with the caseworker, had spoken to the parents and observed supervised visits with the parents, met with Mrs. Jennings in Steubenville, and observed visits between A.E. and Mrs. Jennings. The record does not support appellant's claims that the guardian was not sufficiently involved in the case to render a credible opinion; rather, faced with two appropriate homes for A.E., he believed a change of legal custody to the Knowles was in A.E.'s best interest.

{¶21}   The assignment of error is overruled.  The judgment of the Stark County Common Pleas Court, Family Court Division, is affirmed.   Costs are assessed to appellant.

By: Baldwin, J.

Hoffman, P.J. and

Delaney, J. concur.